# THE AMERICAN INSTITUTE OF ARCHITECTS



Bond No. 8339561

*AIA Document A312*

# Payment Bond

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

**CONTRACTOR (Name and Address):**
Lettire Construction Corp.
334 East 110th Street
New York, NY 10029

**SURETY (Name and Principal Place of Business):**
Fidelity and Deposit Company of Maryland
1 Upper Pond Road, Building E/F
Parsippany, NJ 07054

**OWNER (Name and Address):**
Albert Einstein College of Medicine
of Yeshiva University
1300 Morris Park Avenue
Bronx, NY 10461

**CONSTRUCTION CONTRACT**
Date:
Amount: $14,999,000.
Description (Name and Location): Construction of New AECOM Building at 1510 Waters Place, Bronx, NY.

**BOND**
Date (Not earlier than Construction Contract Date): 9/21/06
Amount: $14,999,000.
Modifications to this Bond: ☒ None          ☐ See Page 6

**CONTRACTOR AS PRINCIPAL**
Company:                    (Corporate Seal)
Lettire Construction Corp.

Signature: _____
Name and Title:

**SURETY**
Company:                    (Corporate Seal)
Fidelity and Deposit Company of Maryland

Signature: _____
Name and Title: Raymond C. Carman
Attorney-in-Fact

(Any additional signatures appear on page 6)

(FOR INFORMATION ONLY—Name, Address and Telephone)
AGENT or BROKER:
Armitage & Co., Inc.
300 Jericho Quadrangle
Jericho, NY 11753
516-285-7700

OWNER'S REPRESENTATIVE (Architect, Engineer or other party):

AIA DOCUMENT A312 · PERFORMANCE BOND AND PAYMENT BOND · DECEMBER 1984 ED. · AIA ®
THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVE., N.W., WASHINGTON, D.C. 20006
THIRD PRINTING · MARCH 1987

A312-1984   4

1 The Contractor and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference.

2 With respect to the Owner, this obligation shall be null and void if the Contractor:

2.1  Promptly makes payment, directly or indirectly, for all sums due Claimants, and

2.2  Defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity whose claim, demand, lien or suit is for the payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, provided the Owner has promptly notified the Contractor and the Surety (at the address described in Paragraph 12) of any claims, demands, liens or suits and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety, and provided there is no Owner Default.

3 With respect to Claimants, this obligation shall be null and void if the Contractor promptly makes payment, directly or indirectly, for all sums due.

4 The Surety shall have no obligation to Claimants under this Bond until:

4.1  Claimants who are employed by or have a direct contract with the Contractor have given notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.

4.2  Claimants who do not have a direct contract with the Contractor:

.1  Have furnished written notice to the Contractor and sent a copy, or notice thereof, to the Owner, within 90 days after having last performed labor or last furnished materials or equipment included in the claim stating, with substantial accuracy, the amount of the claim and the name of the party to whom the materials were furnished or supplied or for whom the labor was done or performed; and

.2  Have either received a rejection in whole or in part from the Contractor, or not received within 30 days of furnishing the above notice any communication from the Contractor by which the Contractor has indicated the claim will be paid directly or indirectly; and

.3  Not having been paid within the above 30 days, have sent a written notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice thereof, to the Owner, stating that a claim is being made under this Bond and enclosing a copy of the previous written notice furnished to the Contractor.

5 If a notice required by Paragraph 4 is given by the Owner to the Contractor or to the Surety, that is sufficient compliance.

6 When the Claimant has satisfied the conditions of Paragraph 4, the Surety shall promptly and at the Surety's expense take the following actions:

6.1  Send an answer to the Claimant, with a copy to the Owner, within 45 days after receipt of the claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed.

6.2  Pay or arrange for payment of any undisputed amounts.

7 The Surety's total obligation shall not exceed the amount of this Bond, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

8 Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any Construction Performance Bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and the Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

9 The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligations to make payments to, give notices on behalf of, or otherwise have obligations to Claimants under this Bond.

10 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

11 No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or after the expiration of one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

12 Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the signature page. Actual receipt of notice by Surety, the Owner or the Contractor, however accomplished, shall be sufficient compliance as of the date received at the address shown on the signature page.

13 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this

AIA DOCUMENT A312 • PERFORMANCE BOND AND PAYMENT BOND • DECEMBER 1984 ED. • AIA® • THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVE., N.W., WASHINGTON, D.C. 20006 THIRD PRINTING • MARCH 1987

A312-1984    5

Bond shall be construed as a statutory bond and not as a common law bond.

14  Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor shall promptly furnish a copy of this Bond or shall permit a copy to be made.

15  DEFINITIONS

15.1  Claimant: An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Contract. The intent of this Bond shall be to include without limitation in the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the

Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

15.2  Construction Contract: The agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.

15.3  Owner Default: Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Construction Contract or to perform and complete or comply with the other terms thereof.

MODIFICATIONS TO THIS BOND ARE AS FOLLOWS:

(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)

CONTRACTOR AS PRINCIPAL                    (Corporate Seal)    SURETY                    (Corporate Seal)
Company:                                                       Company:

Signature: _____                                     Signature: _____
Name and Title:                                                Name and Title:
Address:                                                       Address:

AIA DOCUMENT A312 · PERFORMANCE BOND AND PAYMENT BOND · DECEMBER 1984 ED. · AIA ®
THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVE., N.W., WASHINGTON, D.C. 20006
THIRD PRINTING · MARCH 1987

A312-1984    6

**Individual Acknowledgement**

State of _____ ss.
County of _____, before me
On this _____ day of _____ to me known,
personally came _____ to me to be the individual(s) described in and who executed the foregoing instrument, and acknowledged to me that __he__ executed the same.

My commission expires _____  Notary Public

**Firm Acknowledgement**

State of _____ ss.
County of _____, before me
On this _____ day of _____ to me known,
personally came _____ and known to me to be a member of the firm of _____ and __he thereupon described in and who executed the foregoing instrument, and acknowledged to me that __he executed the same as and for the act and deed of said firm.

My commission expires _____  Notary Public

**Corporation Acknowledgement**

State of _____ ss.
County of _____, before me
On this _____ day of _____ to me known,
personally came _____ who, being by me duly sworn, did depose and say that __he is the _____ of the corporation described in and which executed the above instrument; that __he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that __he signed his/her name thereto by like order.

My commission expires _____  Notary Public

**Surety Acknowledgement**

State of New York ss.
County of Nassau, before me
On this 21st day of _____ September ,2006 , before me
personally came Raymond C. Carman to me known,
who, being by me duly sworn, did depose and say that __he is an attorney-in-fact of Fidelity and Deposit Company of Maryland the corporation described in and which executed the within instrument; that __he knows the corporate seal of said corporation; that __he signed the said instrument and affixed the said seal, as attorney-in-fact by authority of the Board of Directors of said corporation and by authority of this office under the Standing Resolutions thereof.

My commission expires _____  Notary Public

Form NOTARY01-01-92

### Power of Attorney
### FIDELITY AND DEPOSIT COMPANY OF MARYLAND

KNOW ALL MEN BY THESE PRESENTS: That the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation of the State of Maryland, by M. P. HAMMOND, Vice President, and ERIC D. BARNES, Assistant Secretary, in pursuance of authority granted by Article VI, Section 2, of the By-Laws of said Company, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, does hereby nominate, constitute and appoint Raymond C. CARMAN, Janice FISCINA, Theresa A. LANFRANCO and Dominick SCOTTO, all of JERICHO, New York, EACH its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: any and all bonds and undertakings and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Company, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Baltimore, Md., in their own proper persons. This power of attorney revokes that issued on behalf of Raymond C. CARMAN, Janice FISCINA, Theresa A. LANFRANCO, Jean O'BRIEN, Martin J. LYONS, Dominick SCOTTO, dated May 9, 2005.

The said Assistant Secretary does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article VI, Section 2, of the By-Laws of said Company, and is now in force.

IN WITNESS WHEREOF, the said Vice-President and Assistant Secretary have hereunto subscribed their names and affixed the Corporate Seal of the said FIDELITY AND DEPOSIT COMPANY OF MARYLAND, this 8th day of June, A.D. 2006.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND

ATTEST:



Eric D. Barnes    Assistant Secretary    By: M. P. Hammond    Vice President

State of Maryland } ss:
City of Baltimore }

On this 8th day of June, A.D. 2006, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, came M. P. HAMMOND, Vice President, and ERIC D. BARNES, Assistant Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and they each acknowledged the execution of the same, and being by me duly sworn, severally and each for himself deposeth and saith, that they are the said officers of the Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and that the said Corporate Seal and their signatures as such officers were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

Dennis R. Hayden    Notary Public
My Commission Expires: February 1, 2009

POA-F 090-4119A

# FIDELITY AND DEPOSIT COMPANY
## OF MARYLAND
### 3910 KESWICK ROAD, BALTIMORE, MD 21203

Statement of Financial Condition
As Of December 31, 2005



### ASSETS

| | |
|---|---:|
| Bonds | $ 145,517,856 |
| Stocks | 40,373,936 |
| Cash in Banks and Offices | 155,000 |
| Reinsurance Recoverable | 14,122,203 |
| Other Accounts Receivable | 13,661,802 |
| TOTAL ADMITTED ASSETS | $ 213,830,797 |

### LIABILITIES, SURPLUS AND OTHER FUNDS

| | | |
|---|---:|---:|
| Reserve for Taxes and Expenses | | $ 801,854 |
| Ceded Reinsurance Premiums Payable | | 26,186,851 |
| TOTAL LIABILITIES | | 26,988,705 |
| Capital Stock, Paid Up | $ 5,000,000 | |
| Surplus | 181,842,092 | |
| Surplus as regards Policyholders | | 186,842,092 |
| TOTAL | | $ 213,830,797 |

Securities carried at $35,598,073 in the above statement are deposited as required by law.

Securities carried on the basis prescribed by the National Association of Insurance Commissioners. On the basis of December 31, 2005 market quotations for all bonds and stocks owned, the Company's total admitted assets would be $212,087,289 and surplus as regards policyholders $185,098,584.

I, DAVID A. BOWERS, Corporate Secretary of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing statement is a correct exhibit of the assets and liabilities of the said Company on the 31st day of December, 2005.

_____
Corporate Secretary

State of Illinois　} SS:
City of Schaumburg

Subscribed and sworn to, before me, a Notary Public of the State of Illinois, in the City of Schaumburg, this 20th day of March, 2006.

_____
Notary Public

OFFICIAL SEAL
MARLO G SARABYN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/28/07