UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RIVER PILE AND FOUNDATION CO. INC.,

                Plaintiff,

Case No. 07 CV 6370

**ANSWER**
**TO COMPLAINT**

           -against-

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND,

                Defendant.
------------------------------------------------------------------X

      Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND ("Fidelity"), by its attorney, Neil B. Connelly, Esq., as and for its Answer to the Plaintiff's Complaint herein, respectfully alleges and says as follows:

      1.     Denies having knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraphs "2", and "3" of the plaintiff's complaint.

      2.     Further denies having knowledge or information sufficient to form a belief as to the truth of the matters contained in paragraphs "5", "6", "12", and "13" of the plaintiff's complaint except refers the Court to the original contracts for their legal terms and significance.

      3.     Admits the truth of the matters contained in paragraph "4" of the plaintiff's complaint.

      4.     Denies the truth of the matters contained in paragraphs "1", "7", "8", "9", "10", "14", "15", "16", and "17" of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. On August 10, 2007, Lettire Construction Corp. ("Lettire") made payment to Skyline Steel, LLC ("Skyline"), in the sum of $21,942.00.

6. The $21,942.00 payment by Lettire to Skyline was for materials provided by Skyline to Lettire for use in the performance of a portion of Lettire's subcontract with plaintiff River Pile and Foundation Co., Inc. ("River Pile") for work at the Albert Einstein College of Medicine of Yeshiva University.

7. Upon information and belief, the dollar amount of the claim asserted by River Pile in the instant litigation includes the amount paid by Lettire directly to Skyline.

8. By reason of the above, River Pile's claim in this litigation must be reduced to a maximum of $59,326.00, which is below the jurisdictional requirements of this court.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. Upon information and belief, River Pile did not complete the work called for under the subcontract between Lettire and River Pile, including all addenda and change orders thereto.

10. Upon information and belief, Lettire was compelled to obtain the services of a different contractor in order to complete the work that River Pile did not perform under the terms of the subcontract between Lettire and River Pile, including all addenda and change orders thereto.

11. Upon information and belief, certain portions of the work River Pile performed under the terms of the subcontract between Lettire and River Pile were defective and thereby rejected.

12. River Pile neglected, failed and refused to repair and/or replace its defective work.

13. By reason of River Pile's failure to repair and/or replace its defective work, Lettire was compelled to retain the services of a different contractor to repair and/or replace the defective work performed by River Pile.

14. By reason of the foregoing, Lettire incurred costs and expenses in excess of the value of the balance on River Pile's subcontract, including all addenda and change orders thereto.

15. River Pile is not entitled to any payment under the terms of its subcontract with Lettire, including all addenda and change orders thereto.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

7. Plaintiff has failed to comply with all requirements for filing a claim against the labor and material payment Bond.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

8. Fidelity is entitled to raise any and all defenses against plaintiff that are available to Fidelity's principal, Lettire Construction Corp.

**WHEREFORE**, defendant Fidelity and Deposit Company of Maryland demands the dismissal of the plaintiff's complaint, together with such other, further, and different relief, including attorney's fees, costs, and expenses incurred herein, as the court deems just and proper.

Dated:       White Plains, New York
             September 10, 2007

                                              Yours, etc.,

                                              THE LAW OFFICES OF NEIL B. CONNELLY

                                              _____s/_____
                                              Neil B. Connelly  (9976 NC)
                                              Attorney for Defendant
                                              Fidelity and Deposit Company of Maryland
                                              99 Church Street, 4th Floor
                                              White Plains, New York 10601
                                              (914)-328-4100


TO:  Michael I. Silverstein, Esq.
     Welby, Brady & Greenblatt, LLP
     11 Martine Avenue
     White Plains, New York 10606

4